# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Criminal Indictment No. |
| TODD CHRISLEY, | : | |
| JULIE CHRISLEY, and | : | 1:19-CR-297-ELR-JSA |
| PETER TARANTINO, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS TODD CHRISLEY AND JULIE CHRISLEY'S MOTION FOR A BILL OF PARTICULARS AND MEMORANDUM OF LAW IN SUPPORT

COME NOW Defendants Todd Chrisley and Julie Chrisley, by and through their undersigned counsel, and respectfully move this Court pursuant to Fed. R. Crim. Pro. 7(f) to enter an Order directing the Government to file a bill of particulars in response to the questions set out below. In support of this request, Defendants respectfully show this Court the following:

### I. INTRODUCTION

In accordance with the Standing Order of this Court, Defendants previously informally requested the Government to provide the information sought in this motion. The requests below set forth the information that the

1

Government has and has not agreed to provide either formally or informally.

## II. ARGUMENT AND CITATION OF AUTHORITIES

Federal Rule of Criminal Procedure 7(f) provides that "the court may direct the government to file a bill of particulars." The granting of a bill of particulars is a matter for the trial court's discretion. *United States v. Watson,* 669 F.2d 1374, 1379 n. 2 (11th Cir. 1982). It is, however, "well settled law that 'where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error.'" *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (quoting *United States v. Crippen,* 579 F.2d 340, 347 (5th Cir. 1978)); *United States v. Blitch*, No. 5-08-CR-40(HL), 2009 U.S. Dist. LEXIS 30212 (M.D. Ga. 2009).

A bill of particulars serves three important ends: (1) to inform the defendant of the charges against him with sufficient precision to enable him to prepare his defense; (2) to minimize surprise at trial; and (3) to enable the defendant to plead double jeopardy in the event of later prosecution for the same offense. *United States v. Cole,* 755 F.2d at 760; *United States v. Mackey*, 551 Fed.2d 967, 970 (5th Cir. 1977).

Further, as a sister Court has explained:

> [T]he fact that an indictment conforms to the simple form suggested by the Federal Rules of Criminal Procedure, or accurately tracks the statutory or regulatory language, is no answer or defense to a motion for a bill of particulars, since Rule 7(f) presupposes a valid indictment or charge against the defendant. Instead, it is proper for a defendant to be furnished with further information regarding the charge when it is necessary for preparation of his defense and even though the granting of the motion requires the supplying of information which in other circumstances would not be required because evidentiary in nature. Even if in providing those details in a bill of particulars, the government's evidence or theories are somehow disclosed, the bill of particulars might be still proper.

*United States v. Baitcher*, 2013 WL 1501462, at *2 (N.D. Ga. Mar. 22, 2013) (internal citations and punctuation omitted).

Given this framework, the courts of this Circuit regularly require the Government to supplement the limited information provided in the indictment with information such as that currently sought by Defendants. *See, e.g.*, *United States v. Thevis*, 474 F.Supp. 117, 127 (N.D. Ga. 1979) (requiring the Government to disclose the overt acts of unindicted coconspirators and the approximate dates thereof); *United States v. Long*, 2008 WL 11336760, at *4-5 (N.D. Ga. 2008) (requiring the Government to identify the contracts allegedly obtained through fraud); *United States v. Reddy,* 2010 WL 3210842, at *7–8 (N.D. Ga. 2010) (requiring the Government to particularize the nature of the alleged alteration or falsification of documents); *see also In re Rothstein*, 717 F.3d 1205, 1215 n. 20 (11th Cir. 2013) (noting that

3

Government identified property listed for forfeiture in a bill of particulars); *United States v. Verderame*, 51 F.3d 249, 250 (11th Cir. 1995) (same).

While the Government may argue that it has provided significant discovery material to Defendants, such that the production of this information is unnecessary or duplicative, this Court has noted that the Government does "not fulfil its obligation merely by providing mountains of documents to defense counsel who are left unguided …" *Long*, 2008 WL 11336760, at *5 (citing *United States v. Bortnovsky*, 820 F.2d 572, 575 (2nd Cir. 1987)); *United States v. Surles*, 2009 WL 10670624, at *4 (N.D. Ga. 2009) (same). In this case, the Government is producing discovery covering over a decade of transactions. There is simply no way for the Defendants to effectively defend this case without some guidance as to the charges in the indictment and the materials produced. This Court should, therefore, enter an Order requiring the Government to file a bill of particulars as set forth herein.

### III. SPECIFIC REQUESTS

**A. Count One of the Indictment**

The need for the bill of particulars with regard to Count One arises in the context of the Defendants' indictment for participating in a conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. The Indictment alleges that Defendants conspired to submit false documents and information to

4

banks to obtain loans. Count One contains four and a half pages of allegations involving multiple unnamed financial institutions.

In order to enable Defendants to understand the charges and properly prepare to defend against the charges in Count One, as well as to enable Defendants to plead double jeopardy at a later date, Defendants request a bill of particulars to provide:

(1) the identity of any and all other co-conspirators alleged to have joined with the Defendants in a conspiracy to obtain proceeds from financial institutions as alleged in Count One (the Government has agreed to provide);

(2) any and all additional overt acts alleged to have been committed in furtherance of the conspiracy alleged in Count One;

(3) the names of any and all financial institutions alleged to have been defrauded in Count One (the Government has agreed to provide).

**B. Count Seven of the Indictment**

Defendants request that the Government provide:

(1) the identity of any and all other co-conspirators alleged to have been involved in the conspiracy (the Government has agreed to provide);

(2) identify the email Todd Chrisley allegedly sent as alleged in Paragraph 29 of Count Seven of the Indictment.

**C. Count Nine of the Indictment**

Defendants request that the Government provide:

(1) the identity of any and all other co-conspirators alleged to have been involved in the conspiracy (the Government has agreed to provide);

(2) identify the expenditures alleged to have been made for the personal benefit of the Defendants as alleged in Paragraph 52 of Count Nine of the Indictment; and

(3) any and all additional overt acts alleged to have been committed in furtherance of the conspiracy alleged in Count Nine of the Indictment.

**D. Count Ten of the Indictment**

Defendants request that the Government provide:

(1) the identity of any and all other aiders and abettors.

WHEREFORE, Defendants respectfully pray that this Court issue an Order pursuant to Fed. R. Crim. Pro. 7(f) requiring the Government to provide

the requested information, and for such other and further relief as this Court may deem just and proper.

This 20th day of December, 2019.

Respectfully submitted,

*/s/ Bruce H. Morris*
Bruce H. Morris
Georgia Bar No. 523575
Counsel for Todd Chrisley

Finestone, Morris & White, LLP
Suite 2540 Tower Place
3340 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 262-2500
bmorris@fmattorneys.com

*/s/ Stephen M. Friedberg*
Stephen M. Friedberg
Georgia Bar No. 277350
Counsel for Julie Chrisley

Suite 2250, Resurgens Plaza
945 East Paces Ferry Road, NE
Atlanta, Georgia 30326
(404) 842-7243
steve@smflawdawg.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed this day filed the foregoing "DEFENDANTS TODD CHRISLEY AND JULIE CHRISLEY'S MOTION FOR A BILL OF PARTICULARS AND MEMORANDUM OF LAW IN SUPPORT" through this District's ECF system, which will automatically serve all counsel of record.

This 20th day of December, 2019.

> */s/ Bruce H. Morris*
> Bruce H. Morris