# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : Criminal Indictment No. <br> TODD CHRISLEY, et al. : <br> : 1:19-CR-297-ELR-JSA <br> Defendants : <br> : <br> : | |

## DEFENDANTS TODD AND JULIE CHRISLEY'S OMNIBUS MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT

COME NOW Defendants, Todd Chrisley and Julie Chrisley, by and through their undersigned counsel, and respectfully move this Honorable Court, pursuant to Rules 402, 403 and 404 of the Federal Rules of Evidence, to forbid the Government from attempting to place before the jury in any form the following information, exhibits or evidence, for the reasons urged herein as follows:

### I.  Preliminary Statement

The Government has filed a notice of its intention to offer numerous separate categories of evidence, which it claims are all admissible as either direct

1

evidence of Count One or admissible in the alternative, under Rule 404(b) to show, "intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident." Some of the items in the list provided by the Government are extremely vague and lack the kind of detail required to make an argument as to whether the evidence is direct evidence of the alleged offense, or 404(b) evidence, and if 404(b) evidence, for what purpose it is offered. Thus, this Motion in Limine will be based on the information the Government has provided, which in many cases is insufficient for a complete argument.

## II.     The Government's Notices

On March 14, 2022, the Government provided notice of Rule 404(b) evidence it intends to introduce in its case in chief. A copy of the notice is attached hereto as Exhibit 1. On March 15, 2022, the Government provided notice of one additional act it intends to introduce pursuant to Rule 404(b). A copy of said notice is attached hereto as Exhibit 2. Defendants will address below why certain of these offerings of proof should not be admitted into evidence under Rule 404(b).

On March 15, 2022, the Government provided notice of evidence it intends to introduce in the Count One conspiracy charge providing a list of lenders it alleges were defrauded. A copy of said notice is attached hereto as Exhibit 3.

Defendants will address below why evidence as to fourteen of the twenty-two lenders listed in the Government's notice should not be admitted into evidence.

### III. Argument and Authorities

The purpose of a Motion in Limine is to allow the court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States,* 469 U.S 38, 40 N. 2 (1984); *Palmiere v. Defaria,* 88 Fd.3rd 136, 141 (2nd Cir. 1996). Here, evidence sought to be admitted by the Government is not relevant to the charges against the Chrisleys and should not be admitted.

Only relevant evidence is admissible. Fed. R. Evid. 404, 402. That is, the evidence must have a "tendency to make the existence of any fact that is of consequence… more probable or less probable than it would be without the evidence." Rule 401, Fed. R. Evid. However, even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. The objections to the Government's proffered evidence listed below are based on relevance, danger of unfair prejudice, confusion of the issues, misleading the jury, and Federal Rule of Evidence 404(b).

Even if the court concludes that the evidence is admissible under Rule 404(b), it must still be excluded because it fails the Rule 403 Balancing Test: Evidence of acts must be excluded if the probative value is outweighed by the prejudicial impact on the jury. There can also be evidence which, although relevant to a fact at issue, tends so strongly to show the Defendant's propensity to commit the crimes that its probative value is outweighed by its prejudicial impact. As the Supreme Court has stated: "The term 'unfair prejudice' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from specific proof of the offense charged… 'unfair prejudice'… means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States,* 519 U.S 172, 180 (1997).

Rule 404(b) provides in relevant part:

1) Prohibited uses. Evidence of any other crime, wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

2) Permitted uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake,

or lack of accident.

To admit Rule 404(b) evidence, it must be relevant to an issue truly in dispute and the trial court must still weigh the probative value of the evidence against its prejudicial consequences before admitting it. *Huddleston v. United States,* 485 U.S 681 (1998).

The Government is generally prohibited from offering evidence of facts tending to prove a similar, but distinct offense, for the purpose of raising an inference or presumption that the accused committed the particular act with which he is charged. And even when admitted, "introduction of such evidence should normally await the conclusion of the defendant's case, i.e., under normal circumstances it should not be admitted on the Government's direct case." *United States v. Halper,* 590 Fd.2nd 422, 432-33 (2nd Cir. 1978) (citations omitted). This is to ensure that the evidence is truly relevant to a disputed issue in the case. Trial courts have "broad discretion to determine the relevance and admissibility of any given piece of evidence." *United States v. Merrill,* 513 Fd.3rd 1293, 1301 (11th Cir. 2008).

The risk that the jury can place undue emphasis on an unsubstantiated allegation of wrongdoing or salacious allegations unsupported by clear evidence is greatly outweighed by any potential probative value such evidence might have. Its

admission also risks going down a rabbit hole of facts that do not relate to the case at hand, making more complex and unnecessarily extending an already lengthy trial. Ultimately, the evidence does not satisfy Rule 403 or Rule 404(b) and it should not be permitted by the court.

### A. Evidence as to Lenders Not Named in the Indictment Should Be Excluded

The Government has provided notice that it intends to introduce evidence of uncharged conduct relating to Count One of the Superseding Indictment charging conspiracy to commit bank fraud. *See* Exhibit 3. The Indictment contains in Count One allegations concerning Crescent Bank, Alpha Bank and Trust, Midtown Bank, and Supreme Lending.[1] The Government's notice of March 15, 2022 (Exhibit 3) lists an additional <u>fourteen</u> lenders not set forth in the Indictment that the Government intends to show evidence of uncharged fraud in support of Count One. The Defendants respectfully show that such evidence should not be admitted.

As previously noted, the list of the fourteen additional lenders is extremely vague and lacks any detail. Therefore, it is impossible to determine if the alleged conduct is even within the conspiracy dates alleged or the applicable statute of

---

[1] Counts Two through Six specifically identify four additional lenders: Gulfsouth Private Bank, United Community Bank, RBC Bank USA and Wells Fargo Bank.

limitations. Additionally, it is anticipated that there would need to be challenges to the authenticity of any documents submitted by the Government as well as challenges to other foundational requirements that must be met for admissibility. It must be shown that each uncharged act occurred, and that the named Defendants were responsible for committing them. *Huddleston v. United States,* 485 U.S. 681, 689 (1988). If this were not the case, the Government could merely "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated inuendo." *Id.* To this end, the trial court is the gatekeeper.

The Government does not provide any information as to why this evidence is relevant to the prosecution here, or why it is not included in the indictment. Whether this evidence is even relevant and admissible will be partly determined by whether the Government is able to show the acts were committed by these Defendants.

Even if the Government is able to prove such a connection, the Defendants still object on the grounds that such evidence would create an undue burden by obligating the Defendants to defend against these new accusations and would confuse the issues and mislead the jury by bringing into this trial extraneous information that is not alleged in the offense charged. Without more detail, it is

7

difficult to discuss this proffer of evidence since neither the subject matter, the content, nor the dates of such activity is provided. Accordingly, the Defense reserves the right to object when additional details become available.

### B. The Proffered 404(b) Incidents Should Not be Admitted

With regard to the first listed 404(b) proffer, contained in Exhibit 1, that "On or about December 17, 2016, the Defendants sent an altered email to Angel Oak Home Loans", Defendants respectfully show that the email is not indicative of any fraudulent purpose. It is not evidence of any fraud, and therefore, irrelevant.

Similarly, the act contained in the Government's 404(b) notice of March 15, 2022, alleges that "In April, 2017, Todd and Julie Chrisley sent several copies of cashiers checks to a representative of Angel Oak Home Loans to obtain a mortgage. The Defendants purposefully omitted that these cashiers checks had actually been deposited into their daughter's business account, and that the funds were therefore not available to them as they had represented to the lender." Exhibit 2. This evidence is irrelevant and not probative of any issues and is incorrect. The fact that the checks had been deposited into their daughter's business account is of no consequence and is no way improper. Further, there is no evidence that the funds were not available to them. As such, the evidence should be excluded.

With regard to the allegation contained in the 404(b) notice of March 14, 2022, (Exhibit 1) charging that "In approximately 2010, Todd and Julie Chrisley, together with Mark Braddock submitted a false claim for reimbursement from the BP Oil Spill", the Defendants believe that the Government has no evidence whatsoever to support the allegation that the Defendants were involved in this conduct or even knew of this conduct. Therefore, it should be excluded.

In addition to the above, the remaining actions alleged in the Government's 404(b) notice fail to specify the purpose for which the evidence is offered, stating only that they are evidence of "intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident". The recitation of this litany is completely unsupported. As such, the evidence should be excluded.

### C. The Evidence Offered by the Government Will Cause Confusion of the Issues, Mislead the Jury and Unnecessarily Lengthen the Trial

Evidence of uncharged conduct will present an undue burden on the defendant as he/she will be forced to defend against entirely new charges which have been essentially added just weeks before trial. The evidence the Government will need to present to the jury on these newly raised issues, and then to connect them to the underlying offenses, will result in a "trial within a trial" and will confuse the issues, mislead the jury, and lead to undue delay and lengthening of the trial.

Even if the Government can attach the extrinsic acts to an admissible purpose, there are other foundational requirements that must be met. It must be shown that the act occurred, and that the defendant was responsible for committing it. *Huddleston v. United States,* supra.

Even if there is sufficient proof that the defendant committed the uncharged act, and the act is admissible to prove something other than propensity, it may still be excluded under Rule 403. Under Rule 403, evidence may be excluded even if relevant if its probative value is substantially outweighed by the danger of unfair prejudice. With respect to uncharged misconduct, the potential for the jury to accept the evidence for the wrong reason is obvious. The jury will be unduly distracted from the "legitimate" value of the evidence by its overshadowing "illegitimate effect." The probative value may be diluted by several factors, including (1) the lapse in time between the acts; (2) any differences between the charged and extrinsic offenses; and (3) the Government's need for the evidence considering other evidence, and the issues actually being disputed. *See United States v. Cardenas,* 895 Fd.2nd 1338, 1343-44 (11th Cir. 1990). At present, the Government has not provided sufficient information to make the determination.

### D. The Evidence is Not Probative of the Defendant's Character for Truthfulness

To the extent the Government seeks to cross-examine Todd or Julie Chrisley regarding the challenged evidence, such attempt should not be permitted. Rule 608 only permits cross-examination with specific instances of conduct if, in the Court's discretion, the conduct is "probative of truthfulness or untruthfulness." *See* Fed. R. Evid. 608(b) (extrinsic evidence of specific conduct is not admissible to attack a witness's character for truthfulness); *United States v. Sellers*, 906 Fd.2nd 597, 602 (11th Cir. 1990). In other words, efforts to impeach a witness with specific conduct that is not probative of truthfulness or untruthfulness is not permitted. *Sellers,* 906 Fd.2nd at 603 (theft is not an act probative of a witness's character for truthfulness); *Ad-vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.,* 37 Fd.3rd 1460, 1464 (11th Cir. 1994) (neither unethical conduct nor seeking a bankruptcy discharge "show a disregard for the truth that would cast doubt on a witness's veracity"). The Government has not provided any justification for the admissibility of such evidence.

The facts and evidence sought to be introduced by the Government should not be permitted on cross-examination nor to impeach with this improper character evidence.

### E. If the evidence is admitted the court should give the jury a limiting instruction

The proper admissible purpose of Rule 404(b) evidence may be confusing to a jury. While the Government may advocate that the extrinsic act is admissible to prove identity, or intent, unless the jury is informed, it may ignorantly consider the evidence for the forbidden purpose of propensity. Instructing the jury as to the sole purpose for which it may consider the evidence, and conversely, the purpose for which it may not consider the evidence will diminish the prejudice that Rule 404(b) and 403 seek to prevent.

Rule 105, Federal Rules of Evidence, allows for precisely such a "limiting instruction." It provides in pertinent part: If the court admits evidence that is admissible for a purpose but not for another purpose, the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.

WHEREFORE, for all of the above reasons, it is respectfully urged that this Court grant the Defendants' Motion in Limine and that the Government be precluded from placing before the jury in any form the information set forth above.

Respectfully submitted,

*/s/ Bruce H. Morris*
Bruce H. Morris

Suite 2540, Tower Place
3340 Peachtree Road, NE
Atlanta, Georgia 30326
(404) 262-2500
bmorris@fmattorneys.com

                                                */s/ Stephen M. Friedberg*
                                                Stephen M. Friedberg

Suite 2250, Resurgens Plaza
945 East Paces Ferry Road, NE
Atlanta, Georgia 30326
(404) 842-7243
steve@smflawdawg.com

CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing "DEFENDANT TODD CHRISLEY'S OMNIBUS MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT" through this District's ECF system, which will automatically serve all counsel of record.

This 21st day of March, 2022.

*/s/ Bruce H. Morris*
Bruce H. Morris