### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br><br>    **Plaintiff,** )<br><br>**vs.** )<br><br>**TODD CHRISLEY,**<br>**JULIE CHRISLEY, and**<br>**PETER TARANTINO,** )<br><br>    **Defendants.** ) | **Case No. 1:19-CR-297-ELR-JSA** |

## JULIE CHRISLEY'S MOTION FOR LEAVE TO FILE A REDACTED DOCUMENT AND FILE DOCUMENTS UNDER SEAL

Defendant Julie Chrisley ("Defendant"), by and through counsel, respectfully moves this court for an Order granting leave to file Julie Chrisley's Sentencing Statement (the "Sentencing Statement") and certain supporting documents under seal. A proposed order granting this relief is attached hereto. In support of this motion, the Defendant would show as follows:

1.     Defendant's resentencing hearing is scheduled for Wednesday, September 25, 2024.

2.     Along with the filing of this motion, Defendant has filed the Sentencing Statement. Attached as exhibits thereto are letters and other documents relating to the treatment received from psychiatrists and other

counselors containing sensitive and confidential information about Defendant and Defendant's minor children. This information is referenced in the Sentencing Statement and its exhibits were filed provisionally under seal.

3.     A motion "presented to the court to invoke its powers or affect its decisions," is subject to the common law public right of access. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). This right may be overcome by showing good cause, which requires "balanc[ing] the asserted right of access against the...interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1309 (11th Cir. 2001).

4.     Courts consider many factors, when balancing the public's right of access against a party's interest, including: (i) whether allowing access would impair court functions or harm legitimate privacy interests; (ii) the degree of and likelihood of injury if made public; (iii) the reliability of the information; (iv) whether there will be an opportunity to respond to the information; (v) whether the information concerns public officials or public concerns; and (vi) the availability of a less-burdensome alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

5.     Allowing access to the Sentencing Statement and its exhibits would significantly harm the legitimate privacy interests of the Defendant

and her minor children. State and federal law recognize a psychotherapist-patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *Cooksey v. Landry*, 295 Ga. 430, 432 (2014). Additionally, mental health records are inherently confidential and deserving of a high degree of privacy. *See Doe v. Beaumont Indep. Sch. Dist.*, No. 1:21- CV-00132, 2022 WL 2783047, at *21 (E.D. Tex. July 14, 2022) ("Courts routinely find that the personal interest in keeping medical records private outweighs the public's interest in viewing those records."); *Meyers v. Kaiser Found. Health Plan, Inc.*, No. 17-CV-04946-LHK, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (second alteration in original) ("[There is a] strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature.'").

6.      These protections are necessary to protect confidential information of minors. *See See United States v. Nobel Learning Communities*, No. CV 17-366 (NLH/JS), 2019 WL 6310050, at *1 (D.N.J. Feb. 28, 2019) (noting redaction is particularly appropriate where the materials refer to "the identities and medical conditions of persons known to be minors"); *see also* 18 U.S.C. § 3509(d)(2) (allowing the filing of papers containing information of children who are victims or witnesses of certain crimes to be filed under seal without a motion).

7.      The likelihood of harm to Defendant and her minor children from disclosure of their mental health information is substantial because public

access would only serve to humiliate and embarrass them. The Government will be provided with non-redacted copies of the Sentencing Statement and its exhibits, so there is no prejudice to the Government from these papers remaining sealed. Additionally, the proposed redacted portions of the Sentencing Statement do not concern any public officials or concerns.

WHEREFORE, Defendant Julie Chrisley respectfully requests that this Motion for Leave to File Documents Under Seal be granted.

Respectfully submitted,

*/s/ J. Alex Little*
J. Alex Little (TN BPR #29858)
*Pro Hac Vice*
Zachary C. Lawson (TN BPR #36092)
*Pro Hac Vice*
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
615-985-8189
alex@litson.co
zack@litson.co
*Attorneys for Julie Chrisley*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2024, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system and will email a copy of such filing to all counsel of record.

*/s/ J. Alex Little*
J. Alex Little (TN BPR #29858)